**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YIWEI PAN, | No. 12-73107 |
| Petitioner, | Agency No. A087-861-564 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2014**

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Yiwei Pan, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). Our jurisdiction is

---

&ast; This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

&ast;&ast; The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *See Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We dismiss in part and grant in part the petition for review.

We lack jurisdiction to consider Pan's CAT claim because he did not exhaust this claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the BIA's finding that Pan's experiences during his detention did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1020-21 (9th Cir. 2006). However, in assessing his future fear, the BIA found that even if Pan was a member of a disfavored group, he did not show an individualized risk of persecution. In light of Pan's detention and the Chinese government's continued interest in him, substantial evidence does not support this finding. *See Sael v. Ashcroft*, 386 F.3d 922, 929 (9th Cir. 2004).

The BIA also adopted the IJ's determination that Pan did not meet his burden of proof because he failed to corroborate his claim. In reaching this conclusion, the IJ did not have the benefit of our decision in *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011), regarding notice and an opportunity to provide corroborative evidence. Thus, we grant the petition for review with respect to Pan's asylum and withholding of removal claims and remand this case to the BIA

12-73107

for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part.**